# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UTRUN JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV416-091 |
| WILLIE T. YANCEY, II AND ASSOCIATES, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Over and over again jail detainees file 42 U.S.C. § 1983 lawsuits asking this Court to "correct" state criminal prosecutions against them -- by setting them free, if not also awarding them damages. These claims are tiresomely predictable: Defense lawyers sell their clients out by waiving rights and processes (*e.g.*, preliminary hearings), pressuring plea deals, and otherwise failing to do their job. Some conspire with prosecutors and judges to corruptly convict innocents, and so forth.

Such allegations face routine dismissal because: (a) federal courts do not sit as appellate courts over state courts; (b) federal civil rights actions (hence, a § 1983 action) cannot supplant federal habeas proceedings; (c) state direct and habeas remedies must be exhausted

before resorting to federal habeas; (d) almost *no one* satisfies the one exception (*Younger*) to these rules; (e) defense lawyers are not "persons" within the meaning of § 1983; and (f) prosecutors and judges are otherwise immune. *Bright v. Fogle*, 2016 WL 347690 at * 1 (S.D. Ga. Jan. 28, 2016).[1]

---

[1] There this Court explained, in another § 1983 case filed to jam-up an ongoing state court prosecution, that:

> Bright's case is dead on arrival. First, § 1983 affords him no remedy for the injunctive relief he seeks -- to "be released immediately" either on bond or through the dismissal of all criminal charges. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'... He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dept of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).
>
> Second, and to the extent Bright's criminal case is still ongoing, this Court would decline to exercise its jurisdiction to enjoin those proceedings. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Rare exceptions to that rule: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S.

This case is no different. Utron Jones says he was arrested in 2015 and "hired Mr. Willie Yancey shortly after." Doc. 1 at 5. Yancey promised to investigate and litigate his defense but then more or less abandoned such efforts -- Jones' preliminary hearing was waived without his consent and Yancey then "took the easy way out by trying to get me into drug court and not fighting for me in a full capacity of his power and ability." *Id.* Jones now cannot get bond because "I'm already out on bond for [an earlier case] which should have already been resolved." *Id.* at 6. "So Chatham County [Georgia] and the judicial system have been holding me hostage and now pressuring me to take a deal . . . ." Plaintiff concludes that "this is a violation of my rights. They skipped straight to superior court which is not right. Chatham County [is] not being fair

---

225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Bright has not met any of those exceptions and, therefore, is not entitled to the equitable relief he seeks. *See King v. Stokes*, 2011 WL 4083608 at * 2 (S.D. Ga. Sept. 13, 2011).

Third, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). And the district attorney is immune from suit. *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Sutherland v. Chisolm*, 2013 WL 709823 at * 3 (S.D. Ga. Feb.13, 2013) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) and *Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012)).

*Bright*, 2016 WL 347690 at * 1-2.

nor treating me as a tax paying citizen. [This constitutes a v]iolation of Due Process." *Id.* He names only Yancey as a defendant. He seeks money damages and immediate release. *Id.* at 4, 7.[2]

Given the patent baselessness of Jones' Complaint (for starters, Yancey is not a state actor within the meaning of § 1983, and his case is barred by the *Wilkinson, Preiser, Heck,* and *Younger* doctrines, *see supra* n. 1), it must be **DISMISSED**. Because Jones at most will likely ply one of the other "template" claims illuminated above, a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile.");

---

[2] As Jones is proceeding *in forma pauperis*, docs. 4 & 5, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a cognizable claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees against governmental officials and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2) (requiring dismissal "at any time" the Court determines the suit to be factually or legally insubstantial).

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

*Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, Jones must pay his $350 filing fee. His furnished account information shows that he has had a $49.93 average monthly balance in his prison account during the past six months. Doc. 5. He therefore owes a $9.98 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this

Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

Accordingly, this case must be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this  25th   day of May, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA